IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                               11-CR-2084 JEC

ADRIAN LUNA-ACOSTA,

    Defendant.

**MEMORANDUM ON SENTENCING**

THIS MATTER came before the Court for sentencing hearings on October 19, 2011 ("First Hearing") and again on November 16, 2011 ("Second Hearing"). Given the procedural irregularities and substantive inconsistencies in these proceedings, and recognizing that the sentence upon which I will enter Judgment differs from that which I announced in the Second Hearing, I enter this Memorandum contemporaneously with the Judgment by way of clarification.

**I.**     **Background**

Having the benefit of a Fast Track Plea Agreement, Defendant Adrian Luna-Acosta ("Defendant") entered a plea of guilty before a magistrate judge to the sole charge in the Information against him, that being illegal reentry of a removed alien in violation of 1326(a) and 1326(b). *See* Docs. 13 (Information); 14 (Waiver of Indictment); 15 (Consent to Plea before a magistrate judge); 16 (Plea Agreement); 17 (Clerk's Minutes from plea hearing). A Pre-Sentence Report ("PSR") was prepared by the United States Probation Office and, upon its completion, Defendant's case was set for sentencing before me on October 19, 2011. *See* Docs. 18 (Notice of First Hearing), 19 (Minutes from First Hearing).

Prior to the First Hearing, I reviewed the Pre-Sentence Report and the Fast-Track Plea Agreement. The terms of the Plea Agreement include a stipulation by the parties "that the Court must impose a sentence within the guideline range as determined by the Court." Plea Agreement ¶ 5. The Plea Agreement obligates the Government to apply a downward adjustment for two reasons: (1) Defendant's acceptance of responsibility, and (2) as the result of the Fast Track Plea Agreement itself. Additionally, the Government agrees to recommend that the Court impose a sentence at the low end of the guideline range as calculated after the downward adjustment to the base offense level. The Plea Agreement further states:

> In return for the United States agreement to depart from Defendant's Base Offense Level, *the Defendant agrees not to seek any further reduction, departure, deviation, or variance in the Final Adjusted Offense Level or the Criminal History Category, through motion or by argument at sentencing*.

Plea Agreement ¶ 8 (emphasis added). The guideline range after the downward adjustment was properly calculated by the PSR drafter at 33-41 months' imprisonment. The PSR drafter also recommended two years of supervised release to follow the term of imprisonment for Defendant's offense, per the guideline provision in effect at that time.

A.    The First Hearing

In the First Hearing, defense counsel argued that the Government had been "disingenuous" in its representation of the Defendant's projected final adjusted offense level at the time it made its written plea offer. Transcript of First Hearing at 2:16-19.[1] At no time, however, did Defendant himself, or his attorney, indicate any desire to withdraw from the Plea

---

[1]The Court's citations to the transcript of the hearings refer to the court reporter's original, unedited version. Any final transcripts will likely contain different page and line numbers, as the First and Second Hearings were transcribed for the Court in a single document, and the current pages and line numbers so reflect.

Agreement. I accepted the Plea Agreement and imposed the 33-month term of imprisonment, followed by two years of supervised release. The imprisonment term I imposed represented the low end of the properly calculated, advisory guideline range after the downward adjustment, was consistent with the terms of the Plea Agreement, and reflected the 5D1.1(c) guideline provision pertaining to supervised release in effect at that time.

After I imposed this sentence, Defense counsel again addressed me, requesting that I reconsider imposing a term of supervised release on the sole ground that the guideline provisions would no longer recommend a term of supervised release for Defendant's offense of conviction after November 1, 2011 (approximately two weeks from the First Hearing). Specifically, counsel asked that I either eliminate the supervised release at that moment, or "postpone" sentencing the Defendant until after November 1, 2011, when the guideline change would take effect. Tr. at 6:8-19.

Constrained to sentence defendants before me in accordance with the guideline provisions in effect at the time of sentencing, *United States v. Cruz-Alcala*, 338 F.3d 1194, 1201 (10th Cir. 2003), yet mindful that I would not impose a term of supervised release on this particular Defendant if the soon-to-be modified guideline provision were in effect, I agreed to postpone the supervised release portion of the sentencing until after November 1, 2011. *See* Tr. at 6:20-23. At no time *after* I orally imposed the 33-month prison sentence did defense counsel object to its length or request reconsideration thereof. Nor did the Government object to my resetting the hearing after November 1, 2011, when the new supervised release guideline provision at 5D1.1(c) would be in effect. Given the colloquy post-sentence during the First Hearing, it is clear that *all* present, including Defendant, understood me to be continuing the hearing in order to reconsider *only* the supervised release and not the 33-month term of

imprisonment that I imposed.  *See generally* Tr. of First Hearing.

    B.    <u>The Second Hearing</u>

After the First Hearing, my Courtroom Deputy set another sentencing hearing for November 16, 2011, nearly one month after the first.  In the Second Hearing, defense counsel orally requested not only that I impose no term of supervised release as contemplated in the First Hearing, but also declared that a sentence of 12 months' imprisonment was appropriate for the Defendant.  Defense counsel told me that she had previously filed a sentencing memorandum so requesting.  Tr. at 7:24-25 ("I filed a sentencing memorandum before that, and I would just ask the Court to *reconsider* the 33 months.") (emphasis added).  When defense counsel requested a 12-month sentence, I asked the Government if it had anything it wished to say, and the Assistant United States Attorney present at the Second Hearing replied "no, your honor."   Tr. at 9:10-12.  I have reviewed the record and find that no sentencing memorandum was ever filed in this case.

Defense counsel's request for a 12-month term of imprisonment went uncontested, and without being fully or correctly apprised of the circumstances by either counsel in the Second Hearing, I (re)sentenced Defendant to 12 months' imprisonment.  This was in error because:  (1) it violated the plea agreement I had clearly accepted, and (2) it was an unlawful re-sentencing lacking any basis in authority.[2]   When I held the second Hearing, the modified guideline provision at 5D1.1(c) had, indeed, taken effect, and I imposed no term of supervised release.

---

[2] I note that last year, I sentenced 742 defendants.  More than one-half of the criminal cases in the Tenth Circuit come from the District of New Mexico, and the United States District Court for the District of New Mexico has the second highest criminal filing per judgeship in the Nation. See U.S. District Court – Judicial Caseload Profile http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2010Sep.pl (last visited on January 15, 2012).  While I acknowledge my error in this case, I am disturbed that neither attorney adequately apprised me of the circumstances in the Second Hearing.

Prior to entering the Judgment, I reviewed the record and identified the error.  Upon thorough reexamination, I find that I lacked authority to impose the 12-month imprisonment term in the Second Hearing, which took place approximately one month after the First Hearing in which I orally, and unequivocally, pronounced a 33-month term of imprisonment.  Although an intent-based approach is not applicable under governing case law, it behooves me to note that I did not intend to alter the term of imprisonment I had already imposed in the First Hearing, having accepted the Plea Agreement and being obligated to honor its terms.  More importantly, where I had legally imposed a term of imprisonment, I lacked any authority to change it one month later.  For the reasons discussed further below, I will enter judgment on the 33-month term of imprisonment I unequivocally announced in the First Hearing, while I will not imposed a term of supervised release because I did not "announce" a term of supervised release for purposes of finality in the First Hearing.

II.     Discussion

    A.     **Relevant Law**

"Sentence is imposed upon a criminal defendant . . . when the [district] court orally pronounces sentence from the bench."  *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994); *see also United States v. Villano*, 816 F.2d 1448, 1451 (10th Cir. 1987) ("The sentence orally pronounced from the bench is the sentence.").  Where, as here, an orally pronounced sentence is ambiguous, a written order such as this may be considered by a reviewing court. *United States v. Barwig*, 568 F.3d 852, 855 (10th Cir. 2009).  "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."  *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)(quotations omitted).  Therefore, district courts do not enjoy inherent power to "resentence

defendants at any time." *Id.* at 949.  18 U.S.C. § 3582(c) provides but three jurisdictional grants pursuant to which a court may "modify a term of imprisonment once it has been imposed." They are:  (1) under certain circumstances "upon motion of the Director of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion, in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." *United States v. Blackwell*, 81 F.3d at 947-48 (10th Cir. 1996)(citations and footnote omitted).

> The Rule 35 states:
>
> (a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
>
> (b) Reducing a Sentence for Substantial Assistance.
>
> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
>
> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35.

**B.    Analysis**

Two of the three available avenues for jurisdiction to modify a sentence clearly do not apply here, as The Director of the Bureau of Prisons has made no motion, nor has the sentencing commission lowered the sentencing range within the meaning of the statute. Turning to the only remaining source for jurisdiction, Rule 35 authorizes a district court to reduce or correct a sentence, but only in certain, limited situations, and the Rule's time limitation is not subject to the Court's discretion. *See* Fed. R. Crim. P. 35.

In *United States v. Blackwell*, for instance, the Tenth Circuit Court of Appeals reversed the district court's re-sentencing of a co-defendant seventy-two days after the original sentencing. *See* 81 F.3d at 946. In *Blackwell*, the defendant, who had received a sentence of 15-months imprisonment, moved the district court for a re-sentencing because "three days prior to his sentencing, Defendant's supplier pleaded guilty to distributing fifty-five ounces of cocaine and the United States District Court for the District of Utah sentenced her to probation." 81 F.3d at 946. The district court held a re-sentencing hearing seventy-two days after imposing the original sentence and reduced the defendant's sentence to "three-years probation, with six-months home detention." 81 F.3d at 947. In articulating its authority to modify the defendant's sentence, the district court in *Blackwell* erroneously relied on "two alternative sources of authority . . . : (1) the court's 'inherent jurisdiction' to right injustices, and (2) Fed.R.Crim.P. 35[.]" 81 F.3d at 947 (citations omitted).

On appeal, the Tenth Circuit rejected the district court's reliance on Rule 35, Rule 36, or its "inherent authority," concluding instead that "the court lacked jurisdiction to resentence Defendant." 81 F.3d at 949. The *Blackwell* court recognized the three areas of available authority and determined that Rule 35 was the "only potential source of authority to support the

7

district court's modification of Defendant's sentence." 81 F.3d at 948.  Rule 35(a) was unavailable in *Blackwell* as it is here, however, "because the court did not correct Defendant's sentence within seven days[3] after the original sentence was imposed, but resentenced Defendant seventy-two days later." 81 F.3d at 948.  The Tenth Circuit in *Blackwell* also held that rule 35(b) was inapplicable "[b]ecause subsection (b) applies only to motions made by the government [so] a defendant cannot invoke Rule 35(b) and empower the court to reduce his sentence." 81 F.3d at 948.  *See also United States v. Corral*, No. CR 05-0469 JB, 2006 U.S. Dist. LEXIS 28776, 2006 WL 1308237, at *3 (D.N.M. Mar. 28, 2006)(Browning, J.)(denying motion to reconsider sentence based on argument that incarceration prevented defendant from earning a living, paying taxes, and supporting his children, and stating that the Court lacks power to change his sentence); *United States v. Myers*, 375 F. Supp. 2d 1293, 1297-98 (D.N.M. 2005)(Browning, J.)(denying motion to modify sentence based on serious changes in defendant's medical condition, because the Court, in the exercise of its equitable powers, is not free to ignore the requirements that Congress has set forth).

Accordingly, even if I had wished to impose a different term of imprisonment in the Second Hearing, which I did not, I was without legal authority to do so.

### III.    Conclusion

Having reviewed the governing authority as applied to the circumstances here, I find that I lacked authority to impose a different term of imprisonment on Defendant Luna-Acosta in the

---

[3] In 2009, Rule 35 was amended from permitting the correction of arithmetic, technical, or clear errors within 7 days of sentencing to allowing a period of 14 days for such correction, including intermediate Saturdays, Sundays, and legal holidays as provided by Rule 45(a). Notes of Advisory Committee on 2009 amendments (concluding that given the increased complexity of the sentencing process, expanding the time would be beneficial).

Second Hearing on November 16, 2011, because for purposes of finality I had already orally pronounced an imprisonment term in the First Hearing on October 19, 2011.  *See U.S. v. Townsend*, 33 F.3d at 1231.  Though my intent is not determinative, *see Villano,* 816 F.2d at 1451, I note that I indeed intended to impose a term of 33 months' imprisonment, which constitutes a sentence at the low end of the guideline range and is consistent with the plea agreement that I accepted.

I find my authority to decline imposition of a term of supervised release was present in the Second Hearing, however, which was the express reason for holding a second hearing.  For purposes of finality I did not impose a term of supervised release in the First Hearing.  Again, insofar as the record is ambiguous on this point, my intent in the Second Hearing (and the only reasonable interpretation by all present in the First Hearing) was to impose no supervised release.  Accordingly, I will enter judgment consistent with this Memorandum.

Dated April 26, 2012.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for the Government:

    Raul Torrez, AUSA
    Kimberly Brawley, AUSA
    Albuquerque, New Mexico

Attorney for Defendant:

    Margaret Katz, AFPD
    Albuquerque, New Mexico